**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(*DANVILLE DIVISION*)**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )    **4:25-CR-00007** |
| | ) |
| **JUSTIN JOHIAH CURTRIGHT** | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Your Defendant, Justin Johiah Curtright (hereinafter "Curtright"), by counsel, and respectfully requests that this Court impose a sentence of TWO-HUNDRED-SIXTY-FOUR (264) months, plus a term of supervised release.  Curtright is before this Court, having entered pleas of guilty to:

Count I:     Coercion and Enticement of a Minor.[1]

Count III:   Sexual Exploitation of a Minor.[2]

Count VI:    Transportation of a Minor with Intent to Engage in Criminal Sexual Activity.[3]

Count I has a mandatory minimum term of TEN (10) years and a maximum term of life imprisonment.[4] Count III has a mandatory minimum term of FIFTEEN (15) years and a maximum term of THIRTY (30) years.[5] Count VI has a mandatory minimum term of TEN (10) years and a maximum term of life imprisonment.[6] Curtright respectfully submits this

---

[1]     18 U.S.C. § 2422(b).

[2]     18 U.S.C. § 2251(a), 18 U.S.C. §2251(e) & 18 U.S.C. §2(a).

[3]     18 U.S.C. § 2423(a).

[4]     18 U.S.C. § 2422(b).

[5]     18 U.S.C. § 2251(a), 18 U.S.C. §2251(e) & 18 U.S.C. §2(a).

[6]     18 U.S.C. § 2423(a).

memorandum in support of his request that the Court impose a sentence of TWO-HUNDRED-SIXTY-FOUR (264) months, plus a term of supervised release - a sentence sufficient, but not greater than necessary to ensure justice is done.

## I.  Factual background

Curtright's extremely serious criminal conduct can be summarized as follows: In May of 2024, Curtright began speaking with Minor Victim (hereinafter "M.V.") through Discord, a social medial platform for instant messaging and audio/video chatting. Curtright befriended M.V. and subsequently introduced her to his wife, Christin Marie Curtright.[7] From May 2024 into July 2024, the three of them interacted through Discord and by phone. The Curtrights engaged in regular sexual conversations with M.V., including various forms of sexual roleplaying including, by way of one example, the Curtrights asking M.V. to masturbate for them while they video recorded.  Afterwards, the Curtrights engaged in sexual activity in front of M.V. and recorded same.

Following a disclosure from M.V. that she "was feeling overwhelmed with her life"[8], a plan was devised by the Curtrights (to which M.V. agreed) for M.V. to come live with the Curtrights in their apartment in Springfield, Missouri. On the morning of July 24, 2024, the Curtrights arrived in Halifax County, Virginia, and picked up M.V. in their van - M.V. voluntarily got into the van and knew they were going to Missouri.  M.V. left a "runaway" note for her mother explaining that "she felt unwanted, unheard, and unrespected."[9] During the return drive to Missouri, the Curtrights traded off driving while the other had sex with

---

[7]     Co-Defendant in the instant case.

[8]     PSIR ¶ 16.

[9]     PSIR ¶ 8.

M.V. in the back of the van - some of which was recorded on a phone. At one point during the journey from Virginia to Missouri, Curtright stopped at a Wal-Mart and purchased birth control and Plan B pills for M.V.  When the three returned to Springfield, they all shared a bed where Curtright and his wife repeatedly had sex with M.V.  Disturbingly, Curtright and his wife, brought M.V. into their household with their 3 other children.  While in Missouri, Curtright repeatedly engaged in oral, vaginal, and anal sex with M.V. at his apartment and they all lived as a "throuple", until law enforcement removed M.V. from the Curtright's home on July 27, 2024.[10]  Disturbingly, Curtright and his wife, brought M.V. into their household with their 3 other children.

Curtright accepted responsibility for his conduct, and, on November 3, 2025, entered pleas of guilty to Counts I, III & VI of the Indictment.[11] He is currently in federal custody.[12]

## II.  Sentencing Standard

Following *United States v. Booker*[13], federal judges no longer are required to turn a blind eye to Congress's admonition that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[14]  The federal sentencing guidelines are advisory, and in light

---

[10]    PSIR ¶ ¶ 17, 18.

[11]    ECF 17.

[12]    Curtright was arrested on state related charges on July 29, 2024. The state related charges were resolved by an Order of *Nolle Prosequi* on February 13, 2025, and arrest warrant for the instant offense was issued on the same date. He has remained in federal custody since.

[13]    543 U.S. 220 (2005).

[14]    18 U.S.C. § 3661.

of more recent Supreme Court holdings - truly advisory. While sentences that adhere to the sentencing guidelines are presumptively reasonable, sentences that deviate from the advisory range are neither presumptively reasonable not presumptively unreasonable.[15] A sentencing Court must make an independent determination of an appropriate sentence based on all of the 18 U.S.C. § 3553(a) factors without any "thumb on the scale favoring a guideline sentence"[16] and keeping in mind that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[17]

The primary mandate of 18 U.S.C. § 3553(a) is that the District Court "shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes [of punishment] as set forth in subdivision (a)(2) [of the statute]."[18] The four purposes identified, and set forth in 18 U.S.C. § 3553(a) are: retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), deterrence, incapacitation ("to protect the public from further crimes of the defendant"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). In determining whether a sentence is *sufficient, but not greater than necessary*, the Court, pursuant to the mandate of 18 U.S.C. § 3553(a), is directed to consider several

---

[15] *Gall v. United States,* 552 U.S. 38 (2007).

[16] *United States v. Sachsenmaier*, 491 F. 3d 680, 685 (7th Cir. 2007).

[17] *Koon v. United States*,  518 U.S. 81, 113 (1996).

[18] 18 U.S.C. § 3553(a).

factors: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the advisory sentencing guideline range, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need for applicable restitution.[19]

### III.  Calculations Under The Advisory Guidelines

As to Counts I, III & VI, Curtright's Total Offense Level under the Guidelines is a 43 and his criminal record converts to a Criminal History Category of I with the resultant Guideline range being life imprisonment for Counts I & VI.  As to Count III, the statutorily authorized maximum sentence is less than the maximum of the applicable guideline range; therefore, the guideline range is 360 months. [20]

As to each Count (I, III, & VI) the Court must sentence Curtright to a term of supervised release of at least FIVE (5) years.[21]  Finally, while the maximum fine as to Counts I, III & VI is $250,000,[22] the fine range is from $50,000 to $250,000.[23]

### IV.  18 U.S.C. § 3553(a) Factors

#### A. Nature and Circumstances of the Offense

These are incredibly serious criminal charges with profound and lifelong negative and traumatic consequences to the minor victim in this case. Curtright knowingly and intentionally, coerced, exploited, and transported (from Virginia to Missouri) a 13 year-old

---

[19]     *Id.*

[20]     PSIR ¶ 88. U.S.S.G. §5G1.1(c)

[21]     PSIR ¶ 90.

[22]     PSIR ¶ 98.

[23]     PSIR ¶ 101.

girl with the intent to engage in a variety of sexual activities with the young girl (and video record same) together with his co-Defendant wife [24] who was a co-participant in the both the sexual activity and the plan to remove the child from her mother's home in Halifax, Virginia. In addition to the repeated sexual conduct between Curtright and M.V. (along with his wife), there are a large number of Discord messages (both written and audio) which set forth the manipulation and grooming of M.V. (primarily by Curtright) which clearly demonstrate his intense interest in having frequent sex with M.V. and even wanting to father a child with her.

## B. Characteristics of the Defendant

Curtright is 41 years old. He was born in Indio, California to his parents Frederick Turner and Dorothy Ann Curtright. Curtright has never met his father and has not spoken to his mother in nearly a decade. Curtright has two maternal half-siblings, both of which he has no contact, Melony Curtright (54) and James Winkelman (49). Curtright has been married to co-defendant, Christin Marie Curtright, since 2023. Curtright has 6 sons, Gavin (21), Conrad (19), Virgil (16), Everette (13), Warren (11) and Malakai (3) . Curtright has not seen Gavin, Conrad or Virgil in 16 years, due to the State of California removing the children from his custody. Everette and Warren both reside with their mother in Springfield, Missouri. Malakai, is in the custody of Christin Curtright's sister, Bailey Morse.

The United States characterizes Curtright's childhood in terms of experiencing "difficulties."[25] Abusive, nightmarish, traumatic, harrowing and hellish would all more accurately describe the world faced by Justin Curtright as a child than simply experiencing

---

[24]   Christin Marie Curtright.

[25]   *Sentencing Memorandum of the United States* at page 27.

"difficulties".[26] Curtright described his own childhood as "fucked up" and noted he did not have many friends and was bullied because he wore braces and had to wear hand-me-down clothes."[27]  Curtright indicated that his mother, who raised him until the age of 12, was a strict practicing Jehovah's Witness and that he was subjected to both physical and sexual abuse as a young child with some of the physical abuse at the hands of his mother. At the age of 5 Curtright was sexually abused by a babysitter and was physically abused by his mother's boyfriend at age 6. When Curtright was 12 years old, California Social Services removed him from his mother's care whereupon he spent four years in foster care prior to living on his own at the young age of 16.  During his time in foster care group homes Curtright was shuffled through six different placements, where he "was raped multiple times by other teenagers and adults and was repeatedly bullied."[28]  Not surprisingly, Curtright attempted suicide at the age of 14 or 15 by running into oncoming traffic and attempting to take a police officer's firearm.[29]  No doubt the absence of a father or stable male-figure in his early years has contributed to Curtright's issues as an adult.

Your Defendant has a long, documented history of significant mental health issues. Accordingly, in addition to *Defendant's Sentencing Memorandum,* Your Defendant respectfully requests that the Court review and consider, in mitigation, the *Psychological Evaluation* of Justin Curtright dated April 23, 2026, and performed by Brett Gardner, Ph.D.,

---

[26]    *Sentencing Memorandum of the United States* at page 27.

[27]    PSIR ¶ 69.

[28]    PSIR ¶ 69

[29]    PSIR ¶ 76

Licensed Clinical Psychologist, Institute of Law, Psychiatry, & Public Policy, University of Virginia School of Medicine.[30]  Some of the highlights of Dr. Gardner's report include:

* psychiatric treatment at age 6 (displayed a lot of anger toward everyone)

* psychiatric hospitalizations ages 11 to 14 (angry outbursts and/or threats to harm himself and others

* as a child, numerous trials of antidepressant and mood-stabilizing drugs

* admitted to a residential facility in California for throwing a knife at another peer at age 13

* multiple psychiatric admissions in California at age 13 (diagnosed with intermittent explosive disorder and dysthymia)

* admitted to hospital in California at age 14 (attempting to kill himself)

* re-admitted to hospital in California one month later (threats to kill himself and kill others if he had to go to juvenile hall)

* psychiatric treatment at age 35 (diagnosed with major depressive disorder, ADHD, generalized anxiety disorder, post-traumatic stress disorder [PTSD], and borderline personality disorder

* August 2022 (diagnosed with major depressive disorder [later change to bipolar disorder] ADHD, generalized anxiety disorder, PTSD, and borderline personality disorder

* April 2025 (attempted suicide at Roanoke City jail - hospitalized at Roanoke Memorial Hospital

Given the sensitive nature of the report and the conclusions therein made, the undersigned Counsel relies on the evaluation to speak for itself and respectfully requests that the report remain under seal with a copy to be transmitted to the Bureau of Prisons.

---

[30] To be filed under seal.

Curtright graduated high school in 2002, and attended Mount San Jacinto Community college in 2004/2005. Curtright attended California State University where he graduated in 2010 with a Bachelor's degree in English.

As an adult he has only two prior convictions: Stealing (age 28, Ozark, MO) and Assaullt, Foruth Degree (age 36, Springfield, MO) with a resultant Criminal History Score of 1 and Criminal History Category of I.[31]   Curtright does not appear to have any serious substance issues - a positive as regards his amenability and likelihood of success with both sex offender and mental health treatment.

## C.  Kinds of Sentence Available and Guidelines Recommendation

The maximum punishment for Curtright, as to Count I, is life imprisonment with a mandatory minimum of TEN (10) years.[32] The maximum punishment for Curtright, as to Count III, is THIRTY (30) years with a mandatory minimum of FIFTEEN (15) years.[33] The maximum punishment for Curtright, as to Count VI, is life imprisonment with a mandatory minimum of TEN (10) years.[34] It is respectfully requested that the Court impose a sentence of TWO-HUNDRED-SIXTY-FOUR (264) months, plus a term of supervised release - a sentence that is *sufficient, but not greater than necessary* to achieve justice.

This is a very serious case involving incredibly serious criminal conduct by an individual who has a very minor criminal history.  Any crime involving a child should always be viewed as aggravating - and even more so when the crime involves sexual conduct

---

[31]     PSIR ¶ ¶ 57, 58.

[32]     18 U.S.C. § 2422(b).

[33]     18 U.S.C. § 2251(a), 18 U.S.C. §2251(e) & 18 U.S.C. §2(a).

[34]     18 U.S.C. § 2423(a).

between an adult and child.  The question for the Court is not whether Curtright's crimes, as the United States correctly notes, "are grievous and vile"[35], but where on the continuum of criminal conduct (as relates to sentencing) Curtright falls?  The mandatory minimum as to Count III is 15 years with a maximum of 30 years while the mandatory minimum as to Counts I and VI is 10 years with a maximum of life.  Given Your Defendant's age, 41, the period of incarceration  of 264 months which he requests, would put him close to age 60 at the time of his release.

Your Defendant respectfully asks the Court to consider that the Sentencing Guidelines are, perhaps, overstating, not the seriousness of the crimes, but the amount of prison time recommended in the context of a "sufficient but not greater than necessary" paradigm.  For example, the correct application of the guidelines requires a five-level increase from the Combined Adjusted Offense Level of 41 to a Level 45 due to § 4B1.5(b)(1) - an enhancement for "repeat and dangerous sex offenders."[36]  The purpose of this particular enhancement is *to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors.*[37]  Without this particular enhancement, Your Defendant's Total Offense Level would be 38 instead of 43. A level 38 with a Criminal History Category of I yields a recommended range of 235 to 293 months.  Your Defendant suggests that the middle of that range (264 months) is a sentence that is both *lengthy* and *sufficient but not greater than necessary* to achieve justice.

---

[35]     *Sentencing Memorandum of the United States* at page 24.

[36]     PSIR ¶ 51.

[37]     Commentary (Background - last sentence) of U.S.S.G. § 4B1.5

At some point, does the aggregate effect of the various sentencing enhancements specific to this case amount to an overstating of the appropriate carceral sentence? Respectfully, the answer is yes.  The United States argues that a sentence of 50 years in prison is appropriate for Curtright.[38]  Of note, the United States Sentencing Commission's Annual Report for 2024 advises that the average sentence for murder in the United States is 274 months or 326 months less than the 600 months recommended by the United States.



The average sentence imposed in FY 2024 was 52 months; however, sentence lengths varied by offense.

*Average sentence shown in months.*
Source: U.S. Sentencing Commission

---

[38]      *Sentencing Memorandum of the United States* at page 1.

Murder is, perhaps, the most serious crime one human can commit against another - amongst a long list of serious crimes. To illustrate further, by way of comparative context, this Court is familiar with an extremely serious and violent case involving the brutal murder of a 20-year old young man from Pennsylvania who was selling pounds of marijuana to two individuals in Roanoke, Virginia. During a pre-planned robbery of the young man from Pennsylvania, he was murdered by one of the Roanoke individuals who then set the car on fire that was holding the body of the deceased in the trunk.[39] Curight's case, of course, does not involve violence, murder, or firearms. Sentencing Curtright to a prison sentence of 264 months (10 months less than the average for murder) is certainly a *lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors.[40]*

A 50 year prison sentence for a 41 year-old-man is tantamount to a life sentence. There are comparative mitigating facts in this case that can reasonably be offered to support a sentence of less than life - actual or tantamount to. First, Your Defendant's extremely low Criminal History Score of 1, putting him a Criminal History Category of I, is a mitigating factor. Secondly, the tragic and sad upbringing of Your Defendant and the abuse (physical, mental, and sexual) to which he was subjected as a child - are mitigating factors. He was raised without many of the societal behavioural "guardrails" most children learn when growing up in stable homes. Thirdly, Your Defendant's long, documented history of mental health issues is a mitigating factor. Additionally, the victim willingly left

---

[39]    This Court accepted a Plea Agreement [ECF 92] under Rule 11(c)(1)(C) and sentenced the Defendant to an aggregate term of 420 months - 180 months less than the 600 months recommend by the United States. [*United States v. Joseph Richard Walker* 7:24-CR-00012].

[40]    Commentary (Background - last sentence) of U.S.S.G. § 4B1.5

the home of her mother in Halifax, Virginia to be with the Curtrights - whom she knew were highly focused on having sex with her.  That is not to say that M.V. "consented" in any meaningful way whatsoever.  To be sure, she was manipulated, deceived, and exploited in a horrific manner by Curtright who, as the instigator, began the grooming of M.V. - later joined by his wife.  M.V. is not to be "blamed" for anything at any level.  Curtright was, and remains, along with his wife, the sole perpetrator(s) and engineer(s) of these crimes.  It remains a fact, however, that this particular set of circumstances did not entail the situation of a stranger abduction of a child against her will - a more aggravated crime.  It also true that neither Curtright nor his wife forced themselves on M.V. as relates to repeated sexual contact - a more aggravated crime.

Yes, Curtright's crime is "heinous and vile" but is it 50 years in prison "heinous and vile?"  The answer to that question ultimately lies with the Court.  However, Your Defendant respectfully advocates that a prison term of 264 months is very lengthy (as contemplated in the Background Commentary of U.S.S.G. § 4B1.5), reflects the seriousness of the offense (sexually grooming a child, removing her from her home and transporting her across multiple states for sex and making videos of same), promotes respect for the law, provides just punishment, affords adequate deterrence (specific and general), and will provide Curtright with an opportunity to receive much needed mental health and sex offender treatment whilst in the Bureau of Prisons.  Finally, it is a sentence sufficient but not greater than necessary to achieve justice.

### D.  Avoiding Unwarranted Sentence Disparity

18 U.S.C. § 3553(a) speaks of the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The provision seeks uniformity in a broad sense but not at the expense of an individualized sentence based on the circumstances of the offense and the background of the Defendant. According to the PSIR[41], during the Fiscal Year 2020 through 2024, there were 859 defendants whose primary guideline was §2G2.1 with a final offense level of 43 and a Criminal History Category of I.  For those 859 defendants, the median sentence imposed was 360 months.[42]  Additionally, for those same 859 defendants, the average sentence imposed was 345 months.[43]  It seems likely that were a number of these defendants whose sentences were both higher and lower than the 345 months (average) and 360 months (median).  Thus, imposing a sentence of not greater than  TWO-HUNDRED-SIXTY-FOUR (264) months as to Counts I, III & VI would avoid a sentencing disparity when balancing the continuum of conduct/sentences imposed in other cases against Curtright's conduct and his identified Criminal History Category of I.

### E.  Purposes of Sentencing Under 18 U.S.C. § 3553(a)(2)

Congress has recognized four purposes of sentencing, often summarized as retribution, general deterrence, specific deterrence/incapacitation, rehabilitation[44]. Curtright submits that a sentence of  TWO-HUNDRED-SIXTY-FOUR (264) months plus a term of supervised release is fair and reasonable under the circumstances and comports with Congressional intent as regards sentencing.  A sentence of  TWO-HUNDRED-SIXTY-FOUR (264) months is not insubstantial and certainly sends a strong message of

---

[41]  PSIR at page 29.

[42]  The "median" is the exact middle value when data is arranged in numerical order.

[43]  The average is a single value that represents the 'arithmetic mean' - which is the result of adding all numbers in a set together and then dividing the total count of those numbers.

[44]  18 U.S.C. § 3553(a)(2).

deterrence and provides Curtright with ample time to fully rehabilitate himself by participating in any number of educational, vocational, and mental health programs (including sex offender therapy) that will be available to him whilst in the custody of the Bureau of Prisons. Such a sentence will comport with society's interest in retribution and deterrence since it is "sufficient, but not greater than necessary" to achieve justice.

## V.  Conclusion

For all of the reasons stated herein, Justin Johiah Curtright, respectfully submits that a sentence of a  TWO-HUNDRED-SIXTY-FOUR (264) months, plus a term of supervised release, is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a) and will, in fact, be a just result.

Respectfully submitted,

JUSTIN JOHIAH CURTRIGHT

By: /s/___Chris K. Kowalczuk_____


Christopher K. Kowalczuk, Esq.
P. O. Box 11971
Roanoke, VA 24022-1971
        Counsel for Defendant


## CERTIFICATE OF SERVICE

I, Christopher K. Kowalczuk, Esq., hereby certify that on this 8th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/___Chris K. Kowalczuk_____