**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
*(Danville Division)*

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )    **4:25-CR-00007** |
| | ) |
| **JUSTIN JOHIAH CURTRIGHT** | ) |

*DEFENDANT'S RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL "CLARIFYING" NOTICE*

COMES NOW Your Defendant, Justin Johiah Curtright, by counsel, and herewith responds to the *Government's Supplemental "Clarifying" Notice* as follows:

(1)      The United States, in her *Sentencing Memorandum* argued that "Counts One and Six should be grouped."[1]

(2)      In her *Supplemental "Clarifying" Notice*, the United States informed the Court that she "will withdraw all aggravating objections not timely filed as to the PSR"[2] but concluded by stating that "[w]hatever the merits of the underlying arguments, the Government waives them, **except for the mitigating grouping objection.**"[3]

(3)      Since the United States has chosen to not "waive" the argument as to "the mitigating grouping objection" the undersigned counsel, on behalf of Mr. Curtright feels it necessary to address this issue.

(4)      When the original Presentence Investigation Report[4] was filed, the undersigned counsel had lengthy conversations with W. Andrew Ridgway, Senior U.S.

---

[1]      ECF 93 at page 24.

[2]      ECF 111 at page 1.

[3]      ECF 111 at page 2 [emphasis added].

[4]      ECF 93 at page 67.

Probation Officer regarding the topic of "Grouping" under U.S.S.G. § 3D1.2 versus "Multiple Count Adjustment" under U.S.S.G. § 3D1.4.  Given those conversations, along with the undersigned counsel's independent review of the overall facts of the case, the caselaw, and the specific facts regarding the harm to the victim as alleged in both Count I (use of social media and cell phones to entice a minor to engage in criminal sexual acts) and the harm being prevented as to Count I (preserving the psychological, emotional and physical well-being of children who are in their formative years as well as minimizing long-term trauma that harm's a child entry into society in later years) and the specific facts regarding the victim as alleged in Count VI (transportation of a minor across state lines in order to have sex with that minor) and the harm being prevented as to Count VI (to ensure that an adult cannot evade prosecution for sex with a minor by crossing from one state to another state or states which might have less harsh laws regarding age of consent etc. and to prevent the harm caused by sex trafficking of children), the conclusion drawn was that Counts I and VI should not be grouped and that Application Note 4 to the Commentary of U.S.S.G. § 3D1.2 was determinative.

(5)     Application Note 4 to the Commentary of U.S.S.G. § 3D1.2 states that: "[s]ubsection (b) provides that counts that are part of single course of conduct with a single criminal objective and represent essentially **one composite harm** to the same victim are to be grouped together, even if they constitute legally distinct offenses occurring at different times."  Application Note 4 goes on to instruct that "[t]his provision does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm (*e.g.* robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm).  The United States argues,

in support of grouping under U.S.S.G. § 3D1.2 that, as to both crimes (Counts I & VI), "Justin Curtright's goal was M.V.'s sexual abuse."[5]  The rationale of the United States is that since M.V. was same victim in both Counts I and VI and that the goal was the "sexual abuse" of M.V. in both Counts as "part of a single course of conduct with a single criminal objective" that grouping under U.S.S.G. § 3D1.2 is appropriate.

(6)      As an Officer of this Court for the past 30 years, my duty to my client under the Sixth Amendment is clear - zealous advocacy - and I firmly represent my clients within that rubric.  That being said, I also have a duty under Rule 3.3(a)(3) of the Virginia Rules of Professional Conduct "to disclose known, directly adverse controlling authority [even] if opposing counsel has not."  As to the conundrum presented here - the Sovereign advocating for a one-point reduction in the Total Offense Level to 42 with a resultant change in the guideline range from "life" to "360 to life" while counsel for Your Defendant argues against the United States' "mitigating grouping objection"[6] - the case of *United States V. Perez-Colon*[7] is instructive.

(7)      The *Perez-Colon* Court held that:

*We agree with the District Court's determination that the two acts against Minor 1 were not so connected. When a child endures sexual abuse (including being used to produce child pornography) on separate occasions, the crimes do not involve "substantially the same harm." See U.S.S.G. § 3D1.2(b). The Guideline speaks of the same harm, not the same type of harm. Each occasion of abuse inflicts fresh harm on the child—new fear and trauma—distinct from the prior harm. See United States v. Bivens, 811 F.3d 840, 842-43 (6th Cir. 2016) ("Even if the same act is repeated during an ongoing, continuous pattern of criminality between*

---

[5]      *Sentencing Memorandum of the United States* at page 24.

[6]      ECF 111 at page 2.

[7]      62 F.4th 805 (3rd Cir. 2023).

*a single defendant and his victim, each act usually amounts to a fresh harm the victim must face anew.")*[8]

(8)     It seems clear that the sexual abuse experienced by M.V. (as alleged in Counts I & VI) were not the same "one composite harm" as envisioned by the Sentencing Commission as promulgated under U.S.S.G. § 3D1.2(b) and as more fully contextualized by the *Perez-Colon* Court under the "not the same type of harm" analysis[9] since M.V. was sexually abused multiple times across several days with each sexual interaction of abuse "inflict[ing] fresh harm on the child - new fear and trauma - distinct from the prior harm."[10]

(9)     Ultimately, of course, the determination of whether or not a particular guideline application does or does not apply is solely within the Court's decision-making authority.  If the Court decides that the position of the United States is correct, then Mr. Curtright will certainly benefit (to what final extent is unknowable at this time) from his Total Offense Level being lowered from a Level 43 to a Level 42.  Since the United States chose to  waive all "aggravating objections" save the argument as to the "grouping objection" the undersigned counsel felt obligated to accept the Court's invitation to respond.

(10)     Finally, whether the Total Offense Level is 42 or 43, the primary argument, as set forth in *Defendant's Sentencing Memorandum*, still remains one of mitigation as to Mr. Curtright's background, troubled upbringing, mental health issues, etc.

Respectfully submitted,

JUSTIN JOHIAH CURTRIGHT

By /s/   Christopher K. Kowalczuk

---

[8]     62 F.4th 805, 810 (3rd Cir. 2023).

[9]     62 F.4th 805, 810 (3rd Cir. 2023).

[10]     62 F.4th 805, 810 (3rd Cir. 2023)

Christopher K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022-1971
   Counsel for the Defendant

CERTIFICATE OF SERVICE

I, Christopher K. Kowalczuk, Esquire, hereby certify that on this 10th day of June,

2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF

system which will send notification of said filing to all counsel of record in this case.

/s/   Christopher K. Kowalczuk